### 12212. GARNER *v.* THE STATE.

LUKE, J. The defendant was indicted for larceny of an automobile, and upon conflicting evidence was convicted. The verdict having the approval of the trial judge, and there being no error of law that would require a new trial, the judgment overruling the motion for a new trial must be

*Affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 13, 1921.

Indictment for larceny of automobile; from Clarke superior court — Judge Cobb. January 11, 1921.

As to recent possession of stolen goods the court charged the jury as follows: "If you are satisfied, after giving due consideration to all of the evidence and the statement of the accused, that the offense alleged in the indictment was committed by some one, and that, very soon after the commission of that offense, the goods alleged to have been stolen at the time of its commission were found in the recent possession of the defendant, such possession,

unless explained to the satisfaction of the jury, is a circumstance which the jury may consider in determining the guilt or innocence of the accused."

In the motion for a new trial it is alleged that this is erroneous: (1) because the evidence showed that possession of the car by movant was not recent, and therefore this charge was inapplicable; (2) because the court assumed in this charge to pass upon the question of what is recent possession of stolen goods, which is a fact for the determination of the jury; (3) because if it was proper to charge upon the subject of recent possession, the court erred in failing to instruct the jury that they were the judges of whether the possession was recent or not; (4) because the court erred in failing to instruct the jury that the charge upon the subject of recent possession of stolen property should not be considered unless they believed, from the evidence, that the possession of the car was recent, in the meaning of the law; (5) because the court erred in failing to charge the jury as to the legal meaning of the words, "recent possession."

*Howell Cobb, Thomas & Thomas,* for plaintiff in error.
*W. O. Dean, solicitor-general,* contra.